IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

THERESA PRICE,

    Plaintiff,

Case No. 11-CA 1897

vs.

BOARD OF TRUSTEES OF FLORIDA STATE UNIVERSITY, a public body corporate,

    Defendant.
_____/

# Summons

CERTIFIED PROCESS SERVER # 052
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 7-27-11   TIME 1:55 pm

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    BOARD OF TRUSTEES OF FLORIDA STATE UNIVERSITY
    c/o Eric J. Barron, Executive Officer/Corporate Secretary of the Board of Trustees
    Office of the President, Florida State University
    Westcott Building, Suite 211
    Tallahassee, FL 32306

    Each defendant is required to serve written defenses to the complaint or petition on Marie A. Mattox, P. A., Plaintiff's attorney, whose address is 310 East Bradford Road, Tallahassee, FL 32303, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____7-20-_____, 2011.

CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

THERESA PRICE,

    Plaintiff,

CASE NO. 11-CA 1897
FLA. BAR NO. 0739685

v.

BOARD OF TRUSTEES OF FLORIDA
STATE UNIVERSITY, a public body
corporate,

    Defendant.
_____/

## COMPLAINT

Plaintiff, THERESA PRICE, hereby sues Defendant, BOARD OF TRUSTEES OF FLORIDA STATE UNIVERSITY, a public body corporate, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 29 U.S.C. §794 (the Rehabilitation Act of 1973).

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

3. Declaratory, injunctive, legal and equitable relief are sought pursuant to the law identified above together with attorneys fees, costs and damages.

4. Plaintiff is a member of a class protected by law because of her handicap/disability which limits one or more of Plaintiff's major life activities.

5. Plaintiff has satisfied all conditions precedent to the filing of this action, if any.

6. At all times pertinent hereto, Plaintiff, THERESA PRICE, has been a resident of Leon County, Florida working with Defendant. Plaintiff is thus *sui juris*.

7. At all times pertinent hereto, Defendant, BOARD OF TRUSTEES OF FLORIDA STATE UNIVERSITY, a public body corporate, has been conducting business in Leon County, Florida, within the jurisdiction of this Court. At all times pertinent hereto, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is also a recipient of federal funds and is subject to suit under the Rehabilitation Act of 1973.

## FACTS

8. Plaintiff was originally employed with Defendant in or about January 2003. She suffers from disabling conditions that significantly restrict her ability to perform one or more of life's major activities.

9. On or around June 24, 2009, Plaintiff was terminated due to her disability and/or the Defendant's perception of Plaintiff as disabled. Prior to her dismissal, Plaintiff's disability in the 2008 time period became apparent in that she walked with a walker or cane, kept her foot propped up whenever possible, lost 30 lbs, collapsed at work twice, and had to take more time off work due to her illness.

10. After her illness progressed in 2008, her supervisor began to harass her and even criticized her for leaving a light on over night in her office which other employees did with immunity. Some of Plaintiff's duties were also reassigned to other employees by her supervisor so that it would look as if Plaintiff was unable to perform her job duties. Plaintiff's supervisor could not fire Plaintiff, legitimately, by using her health as his reason so he tried to prove that she was not

2

input into after said removal. Plaintiff met every deadline of her remaining responsibilities and provided timely and exemplary budgets for Defendant.

11. In order for fire Plaintiff, Fairhurst concocted the excuse that she was not performing her job duties effectively, which was untrue. Plaintiff maintains that the real reason for her termination was her disability and/or Defendant's perception of Plaintiff as disabled.

12. Plaintiff has retained the undersigned to represent her interests in this action and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs affiliated with this action and any underlying administrative process.

## COUNT I

## HANDICAP/DISABILITY DISCRIMINATION

13. Paragraphs 1-12 are incorporated herein by reference.

14. This is an action against Defendant for discrimination based on handicap and/or disability discrimination.

15. Defendant, through its agents, apparent agents, and employees, because of Plaintiff's handicap/disability terminated Plaintiff. Defendant took action against Plaintiff because of her disabling condition, i.e., by way of example but not limitation, limitations in her ability to walk, stand, squat, and bend and/or Defendant's perception of Plaintiff as being disabled in these areas.

16. There is no legitimate reason that has been nor can there be any legitimate reason for the adverse treatment of Plaintiff.

17. Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant. The adverse treatment of Plaintiff, together with the facts

3

set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

18. Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff.

19. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

20. As a direct and proximate cause of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

4

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 19th day of July, 2011.

Respectfully submitted,

Marie A. Mattox
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (Facsimile)

ATTORNEYS FOR PLAINTIFF

5